UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, <br> DAIICHI SANKYO CO., LTD., <br> DAIICHI SANKYO, INC., <br> and UBE INDUSTRIES, LTD., <br><br> Plaintiffs, <br> v. <br><br> LUPIN LTD., <br> and LUPIN PHARMACEUTICALS, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) CASE NO. 1:15-cv-00673-SEB/TAB ) ) ) ) ) |

## PLAINTIFFS' ANSWER TO THE COUNTERCLAIMS OF THE LUPIN DEFENDANTS

Eli Lilly and Company ("Lilly"), Daiichi Sankyo Co., Ltd. ("Daiichi Sankyo"), Daiichi Sankyo, Inc., and Ube Industries, Ltd. (collectively, "Plaintiffs"), hereby answer the Counterclaims of defendants Lupin Ltd., and Lupin Pharmaceuticals, Inc. (collectively, the "Lupin Defendants"), using the paragraph numbering used in the counterclaims.

### PARTIES

1. Lupin Ltd. is an Indian corporation having a principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex, Bandra (East), Mumbai, Maharashtra 400 051, India.

   **ANSWER:** Admitted.

2. LPI is a Virginia corporation having a principal place of business at Harborplace Tower, 111 S. Calvert Street, 21st Floor, Baltimore, Maryland 21202.

   **ANSWER:** Admitted.

3. Upon information and belief, based on the allegations of the Complaint, Eli Lilly and Company ("Lilly") is a corporation organized and existing under the laws of the

    State of Indiana and has a principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

    **ANSWER:**  Admitted.

4. Upon information and belief, based on the allegations of the Complaint, Daiichi Sankyo Co., Ltd. ("Daiichi Sankyo") is a corporation organized and existing under the laws of Japan and has a principal place of business at 3-5-1, Nihonbashihoncho, Chuo-ku, Tokyo 103-8426, Japan.

    **ANSWER:**  Admitted (but spelled Nihonbashi-honcho).

5. Upon information and belief, based on the allegations of the Complaint, Daiichi Sankyo, Inc. ("DSI") is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at Two Hilton Court, Parsippany, New Jersey 07054.

    **ANSWER:**  Admitted.

6. Upon information and belief, based on the allegations of the Complaint, DSI is a wholly-owned subsidiary of Daiichi Sankyo U.S. Holdings, Inc., which is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at Two Hilton Court, Parsippany, New Jersey 07054.

    **ANSWER:**  Admitted.

7. Upon information and belief, based on the allegations of the Complaint, Daiichi Sankyo U.S. Holdings, Inc. is a wholly-owned subsidiary of Daiichi Sankyo.

    **ANSWER:**  Admitted.

8. Upon information and belief, based on the allegations of the Complaint, Ube Industries, Ltd. ("Ube") is a corporation organized and existing under the laws of Japan and has a principal place of business at 1978-96, Kogushi, Ube, Yamaguchi 755-8633, Japan.

    **ANSWER:**  Admitted.

### JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*, and because the counterclaims are compulsory pursuant to Rule 13(a)(1) of the Federal Rules of Civil Procedure.

**ANSWER:**  The allegations of paragraph 9 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that the Court has personal jurisdiction over Plaintiffs in connection with the counterclaims filed against them in this case based on Plaintiffs' filing of this action.

10. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction in that Lupin is seeking a declaratory judgment that the claims of the '703 and '325 patents are not infringed by Lupin Ltd.'s ANDA products, invalid and/or unenforceable.

**ANSWER:**  The allegations of paragraph 10 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that the '703 and '325 patents are not infringed by Lupin Ltd.'s ANDA products, and deny that the '703 and '325 patents are invalid and/or unenforceable.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**ANSWER:** The allegations of paragraph 11 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that venue is proper in this district for the Lupin Defendants' counterclaims.

BACKGROUND

12. Lupin Ltd. submitted an Abbreviated New Drug Application ("ANDA") No. 205930 for Prasugrel Tablets, 5-mg and 10-mg to the FDA.  As indicated on its Form FDA 356h, LPI is designated as Lupin Ltd.'s "Authorized U.S. Agent."  Lupin Ltd. further submitted Paragraph IV patent certifications to the FDA, certifying that the '703 and '325 patents, which are listed in the FDA's Orange Book for the brand Effient[®], are invalid, unenforceable, or will not be infringed by the manufacture, use or sale of the products that are the subject of ANDA No. 205930 ("ANDA products").

**ANSWER:** Admitted that, on information and belief, the Lupin Defendants' Paragraph IV certifications contain these assertions.  Denied that the '703 and '325 patents are invalid,

3

unenforceable, or will not be infringed by the manufacture, use or sale of the products that are the subject of ANDA No. 205930.

    13. Lupin intends to market and sell the ANDA products in the United States after final FDA approval of ANDA No. 205930 is received.

**ANSWER:** Admitted.

    14. On or about April 27, 2015, Lilly, Daiichi Sankyo, DSI, and Ube (collectively, "Lilly/Daiichi") filed the present action against Lupin alleging infringement of the '703 and '325 patents arising from the submission of ANDA No. 205930.

**ANSWER:** Admitted.

    15. Lilly is listed by the FDA as the holder of NDA 022307 for Effient®, the brand name for prasugrel tablets.

**ANSWER:** Admitted.

    16. Upon information and belief, based on Lilly/Daiichi's assertion in their Complaint, Daiichi Sankyo and Ube are the assignees of the '703 and '325 patents.

**ANSWER:** Admitted.

    17. Upon information and belief, based on Lilly/Daiichi's assertion in their Complaint, Lilly is the exclusive licensee of the '703 and '325 patents.

**ANSWER:** Admitted that Lilly is an exclusive licensee of the '703 and '325 patents.

COUNTERCLAIM COUNT I
(Declaratory Judgment of Invalidity of the '703 Patent)

    18. Lupin repeats and incorporates by reference each of the foregoing paragraphs of its Counterclaims.

**ANSWER:** To the extent an answer to this paragraph is required, Plaintiffs repeat and incorporate by reference their Answers to paragraphs 1-17.

    19. All of the claims of the '703 patent are invalid for failing to meet a condition for patentability set forth in 35 U.S.C. §§ 101 *et seq*. By way of example and not of limitation, all asserted claims are invalid as anticipated under 35 U.S.C. § 102 and as obvious under 35 U.S.C. § 103.

**ANSWER:** Denied.

20. The '703 patent issued on March 26, 2013 from Application No. 11/520,168, filed on September 13, 2006.  The patent claims priority to U.S. Application No. 10/600,266 ("the '266 application") filed June 20, 2003, which is a continuation of PCT/JP01/11201, filed December 20, 2001.  The PCT application claimed the benefit of priority from foreign patent application JP 2000-392983, filed on December 25, 2000.

**ANSWER:** Admitted.

21. By way of example and not of limitation, the claims of the '703 patent are invalid under 35 U.S.C § 102 (novelty) and 103 (obviousness) because prior art demonstrates that the purported invention was described in a combination of one or more patents or printed publications before December 25, 2000.

**ANSWER:** Denied.

22. Based on the foregoing, a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists among the parties regarding, *inter alia*, the invalidity of the '703 patent, that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** The allegations of paragraph 22 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that the '703 patent is invalid.

23. Inasmuch as the claims of the '703 patent asserted here are invalid, Lupin is entitled to a declaration that the claims are invalid.

**ANSWER:** The allegations of paragraph 23 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Lupin is entitled to a declaration that the claims are invalid.

COUNTERCLAIM COUNT II
(Declaratory Judgment of Invalidity of the '325 Patent)

24. Lupin repeats and incorporates by reference each of the foregoing paragraphs of its Counterclaims.

**ANSWER:** To the extent an answer to this paragraph is required, Plaintiffs repeat and incorporate by reference their Answers to paragraphs 1-23.

25. All of the claims of the '325 patent are invalid for failing to meet a condition for patentability set forth in 35 U.S.C. §§ 101 *et seq*. By way of example and not of limitation, all asserted claims are invalid as anticipated under 35 U.S.C. § 102 and as obvious under 35 U.S.C. § 103.

**ANSWER:** Denied.

26. The '325 patent issued on October 29, 2013 from Application No. 12/006,546, filed on January 3, 2008. The patent claims priority to the '266 application filed June 20, 2003, which is a continuation of PCT/JP01/11201, filed December 20, 2001. The PCT application claimed the benefit of priority from foreign patent application JP 2000-392983, filed on December 25, 2000.

**ANSWER:** Admitted.

27. By way of example and not of limitation, the claims of the '325 patent are invalid under 35 U.S.C § 102 (novelty) and 103 (obviousness) because prior art demonstrates that the purported invention was described in a combination of one or more patents or printed publications before December 25, 2000.

**ANSWER:** Denied.

28. Based on the foregoing, a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists among the parties regarding, *inter alia*, the invalidity of the '325 patent, that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** The allegations of paragraph 28 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that the '325 patent is invalid.

29. Inasmuch as the claims of the '325 patent asserted here are invalid, Lupin is entitled to a declaration that the claims are invalid.

**ANSWER:** The allegations of paragraph 29 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that Lupin is entitled to a declaration that the claims are invalid.

COUNTERCLAIM COUNT III
(Declaratory Judgment of Non-Infringement of the '703 Patent)

30. Lupin repeats and incorporates by reference each of the foregoing paragraphs of its Counterclaims.

**ANSWER:** To the extent an answer to this paragraph is required, Plaintiffs repeat and incorporate by reference their Answers to paragraphs 1-29.

31. The manufacture, use, offer for sale, sale, or importation of the ANDA products does not and will not infringe any claim of the '703 patent, either literally or under the doctrine of equivalents, because the ANDA products do not meet all of the claim limitations of any claim in the '703 patent.

**ANSWER:** Denied.

32. Since Lupin does not directly administer medicines to patients in the United States for any use, Lupin will not directly infringe any of the method of use claims in the '703 patent. Moreover, there is no direct infringement because the claimed methods of the '703 patent are not practiced by any individual or entity. Further, Lupin's good faith belief that the '703 patent is invalid precludes a finding of indirect infringement of the method of use claims.

**ANSWER:** Denied.

33. Additionally, since all of the claims of the '703 patent are invalid, Lupin does not and will not infringe any valid claim of the '703 patent.

**ANSWER:** Denied.

34. Based on the foregoing, a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists among the parties regarding, *inter alia*, the non-infringement of the '703 patent, that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** The allegations of paragraph 34 set forth legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny that the '703 patent is not infringed by the ANDA products.

35. Inasmuch as the claims of the '703 patent asserted here are not infringed, Lupin is entitled to a declaration that the claims are not infringed.

**ANSWER:** The allegations of paragraph 35 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Lupin is entitled to a declaration that the claims are not infringed.

COUNTERCLAIM COUNT IV
(Declaratory Judgment of Non-Infringement of the '325 Patent)

36. Lupin repeats and incorporates by reference each of the foregoing paragraphs of its Counterclaims.

**ANSWER:** To the extent an answer to this paragraph is required, Plaintiffs repeat and incorporate by reference their Answers to paragraphs 1-35.

37. The manufacture, use, offer for sale, sale, or importation of the ANDA products does not and will not infringe any claim of the '325 patent, either literally or under the doctrine of equivalents, because the ANDA products do not meet all of the claim limitations of any claim in the '325 patent.

**ANSWER:** Denied.

38. Since Lupin does not directly administer medicines to patients in the United States for any use, Lupin will not directly infringe any of the method of use claims in the '325 patent.  Moreover, there is no direct infringement because the claimed methods of the '325 patent are not practiced by any individual or entity.  Further, Lupin's good faith belief that the '325 patent is invalid precludes a finding of indirect infringement of the method of use claims.

**ANSWER:** Denied.

39. Additionally, since all of the claims of the '325 patent are invalid, Lupin does not and will not infringe any valid claim of the '325 patent.

**ANSWER:** Denied.

40. Based on the foregoing, a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists among the parties regarding, *inter alia*, the non-infringement of the '325 patent, that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** The allegations of paragraph 40 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that the '325 patent is not infringed by the ANDA products.

> 41. Inasmuch as the claims of the '325 patent asserted here are not infringed, Lupin is entitled to a declaration that the claims are not infringed.

**ANSWER:** The allegations of paragraph 41 set forth legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny that Lupin is entitled to a declaration that the claims are not infringed.

The "WHEREFORE" paragraph following paragraph 41 states the Lupin Defendants' demand for judgment and prayer for relief, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of the "WHEREFORE" paragraph following paragraph 41 and deny that the Lupin Defendants are entitled to any of the relief requested therein, or to any relief whatsoever.

Any allegation of the Lupin Defendants' Counterclaims not expressly admitted is denied.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following relief:

(a)   A judgment that the Lupin Defendants have infringed the '325 and '703 patents and/or will infringe, actively induce infringement of, and/or contribute to infringement by others of the '325 and '703 patents;

(b)   A judgment ordering that the effective date of any FDA approval for the Lupin Defendants to make, use, offer for sale, sell, market, distribute, or import the Lupin Defendants' generic prasugrel products, or any product the use of which infringes the '325 and

'703 patents, be not earlier than the expiration date of those patents, inclusive of any extension(s) and additional period(s) of exclusivity;

        (c)    A preliminary and permanent injunction enjoining the Lupin Defendants, and all persons acting in concert with the Lupin Defendants, from making, using, selling, offering for sale, marketing, distributing, or importing the Lupin Defendants' generic prasugrel products, or any product the use of which infringes the '325 and '703 patents, or the inducement of or contribution to any of the foregoing, prior to the expiration date of the '325 and '703 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

        (d)    A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing of the Lupin Defendants' generic prasugrel products, or any product the use of which infringes the '325 and '703 patents, prior to the expiration date of the '325 and '703 patents, infringes, will infringe, will actively induce infringement of, and/or will contribute to the infringement by others of the '325 and '703 patents;

        (e)    A judgment providing the relief sought in Plaintiffs' Complaint;

        (f)    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

        (g)    An award of Plaintiffs' costs and expenses in this action; and

        (h)    Such further and other relief as this Court may deem just and proper.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment dismissing the Lupin Defendants' Counterclaims and all other relief requested by the Lupin Defendants in their entirety, with prejudice.

| | |
|---|---|
| Dated: June 10, 2015 | */s/ Adam L. Perlman*<br>Jan M. Carroll<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, IN 46204<br>317-236-1313<br>jan.carroll@btlaw.com<br><br>Bruce R. Genderson<br>Adam L. Perlman<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>(202) 434-5000 (telephone)<br>bgenderson@wc.com<br>aperlman@wc.com<br><br>*Attorneys for Plaintiffs*<br>*Eli Lilly and Company, Daiichi Sankyo Co.,*<br>*Ltd., Daiichi Sankyo, Inc., and Ube*<br>*Industries, Ltd.* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2015, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.

*/s/ Adam L. Perlman*

Adam L. Perlman